IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CIRCLE M FEEDS, LLC, a Missouri limited liability company, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-25-01037-JD |
| NEAL CATTLE COMPANY, LLC, an Oklahoma limited liability company; and DERRICK L. NEAL, | ) ) ) ) ) |
| Defendants. | ) ) |

## **ORDER**

Upon review of the complaint, the Court finds insufficient information to determine whether it has diversity jurisdiction under 28 U.S.C. § 1332 over this action. The Court has "an independent obligation to determine whether subject matter jurisdiction exists" and may raise the issue sua sponte at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). As explained below, Plaintiff Circle M Feeds, LLC ("CMF") is ORDERED to show cause in writing within fourteen (14) days of the date of this Order why this case should not be dismissed for lack of subject-matter jurisdiction.

CMF filed a complaint against Neal Cattle Company, LLC ("NCC") and Derrick Neal, asserting this Court has diversity jurisdiction under 28 U.S.C. § 1332. [Doc. No. 1 ¶7]. That statute mandates complete diversity, meaning each plaintiff must have a different citizenship than each defendant. Under 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. But the citizenship of a partnership, limited

liability company, or other unincorporated association is determined by the citizenship of each individual member of the entity. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990); *see also Grynberg v. Kinder Morgan Energy Partners*, 805 F.3d 901, 905–06 (10th Cir. 2015); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015).

CMF states that NCC "is an Oklahoma limited liability company" and that CMF itself "is a Missouri limited liability company." [Doc. No. 1 at ¶¶ 1, 3]. But CMF does not allege the citizenship of the constituent members of CMF or NCC, or the citizenship of Derrick Neal. CMF does make allegations regarding residency of these individuals, [Doc. No. 1 at ¶¶ 1–4], but "an individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel*, 781 F.3d at 1238. As a requirement for diversity, Plaintiff CMF must establish with factual allegations that there is complete diversity.[1]

The Court therefore **ORDERS** Plaintiff Circle M Feeds, LLC to show cause within **fourteen (14) days**, or by **October 3, 2025**, why this case should not be dismissed for lack of subject-matter jurisdiction. CMF should provide the Court with sufficient information and analysis for the Court to independently assess whether it has

---

[1] Because CMF identifies various trusts as members, *see* [Doc. No. 1 ¶ 2], CMF also must ensure that it sufficiently alleges the citizenships of the trusts. *Cf. Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 380–83 (2016) (examining how to determine the citizenship of a trust and discussing the question in the context of business or real estate investment trusts versus traditional trusts; affirming the Tenth Circuit's conclusion that the parties failed to demonstrate that the parties were citizens of different states).

subject-matter jurisdiction. Failure to cure will result in the dismissal of this action without prejudice and without further warning or opportunity to cure. Alternatively, CMF may file a voluntary dismissal of this action without prejudice in compliance with Federal Rule of Civil Procedure 41.

    IT IS SO ORDERED this 19th day of September 2025.

                                                JODI W. DISHMAN
                                                UNITED STATES DISTRICT JUDGE